```
              UNITED STATES DISTRICT COURT
                DISTRICT OF CONNECTICUT


TYEHIMBA A. ADEYEMI,            :
       Plaintiff,               :
                                :            PRISONER
     v.                         :   Case No. 3:12-cv-1525(JBA)
                                :
LIGHTNER, et al.,               :
       Defendants.              :
```

INITIAL REVIEW ORDER

The plaintiff, currently incarcerated at the Corrigan-Radgowski Correctional Center in Uncasville, Connecticut, has filed a complaint pro se pursuant to 42 U.S.C. § 1083 (2000). The plaintiff alleges that the defendants, Medical Supervisor Lightner, Infectious Disease Specialist Heidi Green and Medical Grievance Coordinator Jane Doe, were deliberately indifferent to his serious medical needs.

Under 28 U.S.C. § 1915A (2000), the court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. Id.

In reviewing a pro se complaint, the court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]." Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). Although detailed allegations are

not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. Bell Atlantic v. Twombly, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. But "'[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Boykin v. KeyCorp, 521 F.3d 202, 214 (2d Cir. 2008) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)).

The plaintiff alleges that, beginning on February 9, 2011, he requested an examination by the Infectious Disease Specialist and submission by the specialist of a request to the Utilization Review Committee for a liver biopsy and vitamin therapy. The plaintiff submitted several requests and followed-up with grievances when the requests were not answered.

Since March 2010, Infectious Disease Specialist Green has not conducted blood tests to determine whether the plaintiff had elevated enzyme levels and assess the degree of liver damage and has not provided any treatment. In August, the plaintiff learned that blood tests had been done to ascertain enzyme elevation

levels.  Although the plaintiff was on the sick call list in August 2012, he still has not been seen by the Infectious Disease Specialist.

To establish a constitutional claim for denial of medical care, the plaintiff must demonstrate that the defendant was deliberately indifferent to his serious medical needs.  See Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994).  The two-part test for deliberate indifference to a serious medical need embodies both an objective and a subjective component.  The physical condition of the plaintiff must be sufficiently serious, and the failure to render proper care must result from "a sufficiently culpable state of mind."  Id. at 66 (citing, inter alia, Wilson v. Seiter, 501 U.S. 294, 298 (1991)).  An official acts with deliberate indifference when he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference."  Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Although the plaintiff alleges that he was denied his request for examination as a prerequisite to submission of a request for liver biopsy, he has alleged no facts to suggest that he suffers from a serious medical condition that would require such a test.  In the complaint he assumes that he suffers from

3

liver damage.  The existence of a test of liver enzyme levels in 2010, does not establish that a liver biopsy is now necessary. Absent any allegations showing that the plaintiff suffers from a serious medical need, his claim for deliberate indifference to a serious medical need fails.

## ORDERS

In accordance with the foregoing analysis, the court enters the following orders:

(1)  The complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

(2)  The plaintiff may file a motion to reopen accompanied by an amended complaint by November 30, 2012 if he can allege facts showing that he suffers from a serious medical need that would require the examination and test he seeks.

Entered this 31st day of October 2012, at New Haven, Connecticut.

/s/
Janet Bond Arterton
United States District Judge